UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
|   v. | § | CRIMINAL ACTION NO. V-08-22 |
| | § | CIVIL ACTION NO. V-10-61 |
| KIRK ROBINSON, | § | |
|   Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER ADOPTING
MEMORANDUM & RECOMMENDATION**

On August 10, 2010, Movant Kirk Robinson ("Robinson") filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 49),[1] to which the United States of America ("the Government") responded (Dkt. No. 53), and Robinson replied (Dkt. No. 57). Robinson has also filed a Motion to Take Judicial Notice, whereby he "moves this [C]ourt to take judicial notice [that] the Fair Sentencing Act of 2010 provides him relief." (Dkt. No. 59 at 2.)

On January 10, 2012, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (M&R) recommending that Robinson's claims be dismissed. (Dkt. No. 61.) Robinson timely objected to the M&R on January 24, 2012. (Dkt. No. 62.)[2] After considering the M&R, Robinson's objection thereto, the entire record, and the applicable law, the Court **ADOPTS** the M&R and **DENIES** Robinson's motions. Additionally, the Court **DENIES** Robinson a Certificate of Appealability.

---

1. Robinson certified that he delivered his § 2255 motion to prison authorities on August 10, 2010. (Dkt. No. 49 at 9.) Under the "mailbox rule," the date of filing for *pro se* prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir.1998).

2. The clerk did not receive Robinson's objection to the M&R until January 30, 2012; however, Robinson certified that he mailed his objection on January 24, 2012. (Dkt. No. 62 at 9.) Under the mailbox rule, the Court finds that Robinson's objections were timely filed on or before January 24, 2012, 2005. *See Spotville*, 149 F.3d at 376–78.

**I. Background**

On August 18, 2008, Robinson pled guilty to possession with intent to distribute more than five grams of a mixture containing cocaine base, approximately twenty grams, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Dkt. No. 30.) On January 5, 2009, Robinson was sentenced to 120 months imprisonment, five years supervised release, and a $100 special assessment. (Dkt. No. 44.) Judgment was entered on January 9, 2009. (*Id.*)

Robinson's § 2255 motion raised only a single ground of relief—that the FSA, which reduced the sentencing guideline calculations for many defendants convicted of offenses involving crack cocaine, applies to reduce his sentence and removes the statutory minimum sentence applicable to him. The M&R ultimately concluded that: (1) Robinson's § 2255 motion was time-barred; (2) the FSA is not applicable to Robinson as a result of his career offender status; and (3) Robinson is not entitled to a certificate of appealability.

Robinson has filed objections to the M&R, arguing that the M&R's conclusion that Robinson was sentenced based on his career offender status—and not based on the crack cocaine guidelines—is "without merit." (Dkt. No. 62 at 1.)

**II. Legal Standard**

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. *See* FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *See id.* The district court may also receive additional evidence not presented to the magistrate judge. *Id.*

### III. Analysis

#### A. Antiterrorism and Effective Death Penalty Act (AEDPA)

As a preliminary matter, the Court notes that Robinson does not object to the M&R's conclusion that his § 2255 motion is time barred, nor does he offer any additional argument or evidence not previously presented to Magistrate Owsley to support extending the applicable limitations period. *See* 28 U.S.C. § 2255(f). Because Robinson does not satisfy any of the exceptions to AEDPA's statute of limitations, his § 2255 motion is denied.

#### B. Fair Sentencing Act of 2010

The M&R recognized that relief under the FSA is not cognizable pursuant to § 2255, even when the request is timely, and instead construed Robinsons' § 2255 motion as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (M&R at 5.) The M&R then concluded that the crack cocaine amendments do not permit the Court to resentence Robinson because he was sentenced as a career offender, and "'the crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders.'" (*Id.* at 7 (quoting *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) and citing *United States v. Perkins*, 407 F. App'x 843, 845 (5th Cir. 2011) (per curiam) (unpublished); *United States v. Sam*, 2011 WL 4436629, *1 (5th Cir. Sept. 26, 2011) (per curiam) (unpublished)).

Robinson objects to the M&R on the grounds that he was not sentenced as a career offender, but was instead sentenced under the crack cocaine guidelines. Thus, Robinson argues, the FSA does apply to reduce his sentence and remove the applicable statutory minimum sentence.

The record reflects that the Court sentenced Robinson as a career offender under § 4B1.1. (Statement of Reasons, Dkt. No. 45 at 1, *adopting without change* Robinson's Presentence

Investigation Report, Dkt. No. 36 at 5.) Accordingly, Robinson's objection is overruled. Because the FSA does not apply, Robinson's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**IV. Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

(1) Robinson's Objection to the M&R is **OVERRULED**;

(2) Magistrate Judge Owsley's Memorandum and Recommendation to Dismiss Movant's § 2255 Motion and to Deny his Motion to Reduce Sentence (Dkt. No. 61) is **ADOPTED** as the opinion of the Court;

(3) Robinson's motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 and motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. No. 49) are **DENIED**;

(4) Robinson's Motion to Take Judicial Notice (Dkt. No. 59) is **DENIED**; and

(5) Robinson is **DENIED** a Certificate of Appealability.

**SIGNED** this 3rd day of July, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE